JOHN R. RYAN, T/A ALLEN T. CO., PLAINTIFF-RESPONDENT, v. BOARD OF ADJUSTMENT OF THE TOWNSHIP OF WOODBRIDGE AND MARY TAPPEN, BUILDING INSPECTOR, DEFENDANTS-APPELLANTS.

Argued May 9, 1967—Decided July 12, 1967.

*Mr. Francis C. Foley* argued the cause for respondent (*Mr. William H. Gazi,* on the brief).

*Mr. Edmund Vitale, Jr.* argued the cause for appellants (*Mr. Norman Robbins,* attorney).

The opinion of the court was delivered by

HANEMAN, J. Defendants' petition for certification to the Appellate Division was granted by this Court. 48 *N. J.* 143 (1966). The appeal arises out of an action in lieu of prerogative writs which sought to compel the Board of Adjustment of Woodbridge to approve a variance from the lot size requirement of the Woodbridge zoning ordinance and to compel the building inspector to issue a permit for a one-family dwelling.

The following facts were stipulated by the parties in the action in lieu of prerogative writs: The lands here involved are Lots 2223, 2224 and 2225 shown on a map entitled "Map of Rahway Estates, Surveyed by J. L. Bauer, Civil Engineer of New Jersey, August 10, 1910" (Bauer Map) filed in the office of the Middlesex County Clerk under *L.* 1898, *c.* 232 (subsequently supplemented by *R. S.* 46:23–1 *et seq.*). The lots are also designated by similar lot numbers in Block 468D on the Woodbridge Township Tax Map. Each of said lots, which are contiguous, has a frontage of 50 feet on Rutgers Avenue. Since 1960 the zoning ordinance for that area has required a minimum street frontage of 75 feet per lot and an area of 7,500 square feet.

Title to Lots 2223 through 2225 became vested in John and Mary Backovsky by deed dated August 15, 1962. At the time of that conveyance, a residence was in existence on Lot 2224, the middle lot. By deed dated August 16, 1962, the Backovskys conveyed Lot 2223 to plaintiff without prior planning board approval.

On or about January 7, 1965 plaintiff's application for a building permit for Lot 2223 was denied by the Woodbridge building inspector on the ground that a variance was required. Plaintiff then sought a variance from the Board of Adjustment which was denied. Among the reasons for the denial was the fact that there was a question of whether there

was a subdivision involved requiring prior planning board approval.

Plaintiff filed an action in lieu of prerogative writs to compel the issuance of the building permit and grant of a variance. In that action is was stipulated that the sole question was whether a subdivision approval for the conveyance of Lot 2223 was required under the Woodbridge Land Subdivision Ordinance of 1954 and that if the answer to that propounded query was in the affirmative, judgment should be for defendants, whereas if in the negative, the matter should be remanded to the Zoning Board of Adjustment for a determination of the required area and side yard setbacks. The Law Division decided that subdivision approval was required and added in its determination that:

"This opinion being limited solely to the issue of the necessity for a subdivision, it is not to be considered as reflecting the court's opinion upon any other claim, hardship or right, that plaintiff may have which may be the basis for the granting of a variance."

On appeal to the Appellate Division, that court in an unreported opinion determined:

"We are of the opinion that counsel have misconceived the issue before us upon this appeal, which is simply the propriety of the determination of the Board of Adjustment whether a variance should be granted under N. J. S. A. 40:55-39(c). Proper resolution of that issue does not require that we resolve the stipulated question and we shall not do so. We merely note that, under the facts here presented, application to and a determination by the Planning Board was not jurisdictional to plaintiff's application to the Board of Adjustment.

\*          \*          \*          \*          \*          \*          \*          \*

This conclusion mandates a remand to the Board of Adjustment with directions that it grant plaintiff the requested variance. However, the board may condition the granting thereof upon such side yard or other area and yard requirements that it determines to be proper."

As above noted we thereafter granted certification.

The sole issue which the parties tried and briefed was whether the sale of one of a group of three contiguous lots

all in one ownership and delineated under the Old Map Act, is a subdivision requiring planning board consent. We proceed first to a solution of the subdivision problem.

In *Loechner v. Campoli,* 49 *N. J.* 504 (1967), we recently stated that a zoning ordinance may establish an area or dimension requirement different from the area or dimension of lots as shown on a map filed under the Old Map Act and that filing a map under the Old Map Act does not result in immunity of the lots delineated thereon from the operative effect of the Subdivision Act. Any reduction in the size of a parcel or tract of land, including a plot composed of two or more adjacent lots, by a division into two or more smaller parcels is in the language of the Subdivision Act a "subdivision" and subject to the statutory terms. See *Lake Intervale Homes v. Parsippany-Troy Hills Tp.,* 47 *N. J. Super.* 334 (*Law Div.* 1957), affirmed 28 *N. J.* 423 (1958). The separation of Lot 2223 from 2224 and 2225 constituted a subdivision.

In *Loechner v. Campoli, supra,* we also stated, 49 *N. J.,* at p. 504:

"For future guidance, the mechanics of procedure to obtain subdivision approval from a planning board, where the resulting parcels do not meet the requirements of the zoning ordinance, should be as follows: The original application for approval, whether or not it is then known that the result desired by the applicant will breach the minimum zoning requirements, should be made to the planning board. If the planning board finds that the application meets all of the required tests except for lot size or dimensions, it should approve such subdivision subject to approval of a variance by the zoning board of adjustment. The planning board may, with its approval express its nonbinding opinion as to whether the variance would be conducive to or detrimental to the planning scheme because of the undersize of a lot."

The variance problem not being before us as it was neither tried nor briefed in the Law Division, as above noted, we hold that plaintiff should follow the procedure herein outlined. The judgment of the Appellate Division is accordingly reversed and the judgment of the Law Division reinstated

with plaintiff being accorded the opportunity to apply to the Planning Board for approval of the subdivision.

Reversed.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN — 7.

*For affirmance* — None.