105 N.J. Super. 407 (1969)
252 A.2d 731
MICHAEL A. PRIBISH AND LORRAINE H. PRIBISH, PLAINTIFFS-APPELLANTS,
v.
HARRY J. CORBETT AND JEAN P. CORBETT, JOHN H. OSBORN, ETC., AND BOARD OF ADJUSTMENT OF NEW SHREWSBURY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1969.
Decided May 1, 1969.
*408 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Daniel J. O'Hern argued the cause for appellants (Messrs. Abramoff, Apy & O'Hern, attorneys).
Mr. Theodore D. Parsons, Jr. argued the cause for respondents Harry J. Corbett and Jean P. Corbett (Messrs. Parsons, Canzona, Blair & Warren, attorneys).
Mr. S. Thomas Gagliano argued the cause for respondent Board of Adjustment of New Shrewsbury (Messrs. Potter and Gagliano, attorneys).
PER CURIAM.
The oral conclusions stated by the Law Division have the agreement of this court. Subject to the modification of the judgment in respect of the encroachment *409 of the proposed retaining wall on the public easement, mentioned hereinafter, the judgment will be affirmed essentially for the reasons given by the trial court.
We have this specific comment concerning plaintiffs' argument that the recent decisions of the Supreme Court in Loechner v. Campoli, 49 N.J. 504 (1967), and Ryan v. Bd. of Adjust., Woodbridge Tp., 49 N.J. 520 (1967), made it necessary that defendants' application for a variance to permit a home to be built on Lot 8 be referred for approval to the planning board. We find nothing in those cases to support the view that where, as here, a municipal planning board functioning pursuant to the Planning Act of 1953 has approved a subdivision with designated lots platted thereon, and a purchaser from the subdivider acquires two contiguous lots so platted and approved (whether or not previously improved), he requires renewed approval from the planning board as a condition for constructing or selling homes on either of the lots. Those cases dealt with lots mapped and platted pursuant to statutes antedating the Planning Act of 1953  statutes devoid of the significant and salutary protections of the public interest contained in that act. The lots here involved having once been finally approved by the planning board, operating under the standards of the Planning Act of 1953, as appropriate for separate home sites, that decision is in nowise impaired or rendered devoid of effect, insofar as the Planning Act is concerned, by the fact that two of such lots, adjacent to each other, have subsequently come into a single ownership. This is at least true where, as we find to be the case here, the owner has done nothing to destroy the distinct identity of the two lots as suitable building sites.
The separate question whether a hardship variance should be granted in respect of one of the lots for dwelling purposes, made necessary by reason of zoning enlargement of minimum lot dimensions subsequent to planning board approval of the map of the lots, is one solely for the board of adjustment, not the planning board.
*410 In order more precisely to effectuate the intent of the trial court, with which we agree, that the proposed retaining wall not encroach on the public easement, we direct that the judgment be amended expressly to state that the building plans heretofore submitted by defendants to the board of adjustment for approval be modified to exclude any part of any retaining wall from any portion of the public right of way across the lot in question.
Plaintiffs urge that it be required that amended building plans effectuating the foregoing direction be submitted to the board of adjustment for its approval. We do not regard this as necessary. Counsel for the board of adjustment has represented both to the trial court and this court that the board of adjustment is not concerned with the location of any retaining wall between the proposed home site and the public easement, and that its grant of variance was not intended to depend thereon. Moreover, the findings and conclusions of the board in granting the variance were not so conditioned. It is highly desirable that this protracted litigation should be finally concluded.
As directed above to be modified in form, the judgment is affirmed.